Avert, J.
The decision of the auditor, which we are called upon to review, gives sanction to a tax which had been assessed upon the property of the appellants, in the town of McConnelsville, in Morgan county. And whether the determination was correct or not, depends upon the construction to be given to the charter of that town.
The tax was upon lands which were within the corporate limits of the town, but which had not been laid out into town lots and recorded as such. At least this is true as to all the parties complaining except McConnell & Adams, who assert that the tax against them was upon property neither designated nor known as lots or lands. The tax, however, was imposed under the 9th section of the charter, for the improvement and repair of the streets, passages, alleys, and side-walks of the said town; and this section, together with the 7th and 8th, will be found to embrace all the portions of the charter which need to be examined. The three sections are as follows:
“ Sec. 7. The mayor, recorder and trustees of said town, or a majority of them, shall have power to make and ordain, and publish such ordinances, by-laws and regulations, as they shall deem necessary to the health, safety, order, cleanliness, convenience, morals, and good, quiet and peaceful government of the town and the inhabitants thereof; to establish and regulate fire companies ; to regulate markets; to license or prohibit «hows or other exhibitions; to purchase a fire engine or engines ; to regulate, improve and keep open, unobstructed and in repair, all streets, side-walks, public lanes, alleys, and passages and commons within the corporation; to grade, gravel, and pave streets and passages, and to make side-walks; to make wharves; to cause the owners of lots to pave or gravel sidewalks, in front of their respective lots, on any street of said town, whenever the council shall have caused the adjoining street or passage to be turnpiked or graveled; to cause the owners of the lots and lands, adjoining to or within half a square of any street or passage, to turnpike and gravel the same in front of their respective lots, whenever the owners of two-thirds *516 of said lands and lots shall make application therefor, in writing, to the council: Provided that the persons making such pavement or side-walk as aforesaid, shall be entitled to a certifi • ate for the value thereof, to be ascertained and assessed by disinterested persons appointed by the town council, which certificate shall be received for tax, for the improvement of said streets or alleys, to the full amount of the same. To authorize the levy of an annual tax, not exceeding two mills on the dollar, for corporation purposes, on the property within the limits of said town, returned on the grand levy, and made subject to taxation by the laws of this state; which tax shall be levied and collected in the same manner as is provided in the ninth section of this act; to borrow money, not exceeding fifteen hundred dollars, for the purpose of purchasing an engine and other apparatus, for the extinguishment of fire, at a rate of interest not exceeding eight per centum per annum, for any specified purpose, with the concurrence of at least five members of the council, the vote thereon to be taken by yeas and nays and recorded on the journal; to impose fines, forfeitures and penalties on all persons offending against the laws, ordinances and regulations of said town; to provide for the prosecution, recovery and collection thereof; to have a common seal, and alter ike same at pleasure; and to have perpetual succession, with power to sue and be sued, plead and be impleaded, and answer and be answered, unto any court of law or equity in this state; and when any suit shall be commenced against said corporation, the first process shall be a summons, an attested copy of which shall b,e left with the recorder.
“ Sec. 8. There shall be elected annually, at the same time and place that the council is elected, a corporation assessor, whose duty it shall be to appraise the lots and lands within the limits of said corporation, with the improvements thereon, and make return thereof on the first Monday of June, at which time the town council shall meet as a board of equalization, and shall have power to equalize the valuation made by the said assessor, either by adding to or deducting from his valuation *517 such sum or sums as to them, or a majority of them, shall appear just and reasonable: Provided the council may, in any year, dispense with an appraisement.
“ Sec. 9. That for the general improvement and repair of the streets, passages, alleys and side-walks of said town, the town council shall have power to levy an annual tax on the valuation authorized by the preceding section of this act, not to exceed three mills on the dollar in any one year, of which ¿ax the recorder shall make out a duplicate, charging therein to each lot or tract of land an amount of tax in proportion to the value thereof, so assessed as aforesaid; which duplicate shall be certified and signed by the recorder, and delivered to the treasurer of said corporation, who shall proceed to collect said tax in the same manner and under the same regulations that county treasurers are required by law to collect state and county taxes; and, in the collection thereof, the said corporation treasurer shall have the same power to sell personal property as is given by law. to county treasurers: Provided that no real estate within the above limits shall be subject to taxation, for corporation purposes, except such as is or may be laid out into town lots, and then only from and after the time when the plat of such lot may be recorded.”
We interpret these sections as conferring authority to tax all • the lots and lands within the limits of the corporation, for the improvement' of streets, passages, alleys and side-walks.
The general grant of power to this corporation is contained in the 7th section, and amongst the powers there enumerated, •is one in the following words: “ To authorize the levy of an annual tax, not exceeding two mills on the dollar, for corporation purposes, on the property within the limits of said town, returned on the grand levy, and made subject to taxation by the laws of this state.” By this provision, personal property, as well as real, within the limits of the town, embracing every species of property liable to taxation under the general laws of the state, may be subjected to a corporation tax; but the tax cannot exceed two mills on the dollar, and is to be levied *518 according to the language of the provision, for corporation purposes. After conferring this power to tax all property, real and personal, comes the direction in the 8th section, to cause an annual appraisement by the corporation assessor, of the lots and lands, that is, of all the territory within the limits ot the corporation.
Next follows in the 9th section the power to tax annually all this territory so appraised, for a specific purpose, that is, for the improvement of the streets, alleys and side-walks. The money raised by this tax cannot be applied as that collected under the 7th section, from both personal and real property may be, to the general uses of the corporation; it can only be expended in the way and for the particular purpose specified in the 9th section.
By clear and definite language, then, power is given in one case to levy a tax on both real and personal property, for what the charter denominates corporation purposes; and in another case to levy a tax on real property only, for the improvement of streets. Not only in the two cases is there a difference in the subjects of taxation, and in the description of the purposes to which the money is to be appropriated; but in the first, the amount of tax is limited to two mills on the dollar, and in the second it is extended to three mills. Effect, therefore, is to be given, if practicable, to both the provisions.
Attached to the 9th section is a proviso in the following words : “ That no real estate within the above limits, shall be subject to taxation for corporation purposes, except such as is or may be laid out into town lots.” Our construction of the charter does not apply this proviso to the section with which it happens to be connected, but to the 7th section only, which we think it was intended to qualify; not alone because the same particular phraseology was used, “ corporation purposes,” but because the three sections taken together, seem to admit of no other reasonable interpretation. The 8th section, giving directions for the annual appraisement of the lots and lands, is useless and absurd, as to all the lots and lands not actually carried *519 upon the record, unless it was intended to tax them, after put* ting upon them a separate valuation. And the 9th section, which provides in express terms for a tax upon the valuation directed in the 8th, and declares that each lot or tract of land shall be charged, must, as to these essential features, be construed away.
Under the view we have taken of this charter, all the lands within the limits of the town must be subject to taxation for street purposes, and the decision of the auditor of state in that respect is confirmed.